```
                                                    FILED JS
                                                US DISTRICT COURT CLERK
                                                WESTERN DISTRICT OF KY

          UNITED STATES DISTRICT COURT          11 MAR 23 AM 11:56
          WESTERN DISTRICT OF KENTUCKY
                  AT LOUISVILLE
```

UNITED STATES OF AMERICA

INDICTMENT

vs.

NO. 3:11CR-33-H

18 U.S.C. § 1959(a)(1)
18 U.S.C. § 2

**RICKY LEWIS KELLY**

The Grand Jury charges:

Violent Crimes In Aid Of Racketeering Activity

COUNT ONE

MURDER OF LAJUANTE JACKSON

The Enterprise

1. At all times relevant to this Indictment, there existed in and around the Sheppard Square public housing project in Jefferson County, Kentucky, in the Western District of Kentucky, a criminal organization whose members and associates engaged in criminal acts, including the illegal manufacture and distribution of narcotics.

2. The criminal organization, including its leadership, members, and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, which was engaged in, and the activities of which, affected interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

## Purposes of the Enterprise

3. The purposes of the enterprise included the following:

   a. Enriching the members and associates of the enterprise through, among other things, the illegal manufacture and distribution of narcotics, and murder.

   b. Preserving and protecting the power, territory and profits of the enterprise through the use of violence.

   c. Promoting and enhancing the enterprise and its members' and associates' activities.

## Means and Methods of the Enterprise

4. Among the means and methods by which members of the enterprise and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

   a. Members of the enterprise and their associates engaged in the illegal manufacture and distribution of cocaine, both powder, as well as cocaine base, known as crack cocaine, a Schedule II controlled substance, as defined by Title 21 United States Code, Section 812.

5. The above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely acts involving the felonious manufacturing, importing, receiving, concealing, buying, selling, or otherwise dealing in controlled substances, including cocaine and cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

6. On or about August 19, 2005, in the Western District of Kentucky, Jefferson

County, Kentucky, as consideration for the receipt of, and as consideration for a promise and an agreement to pay, anything of pecuniary value from the enterprise described in paragraphs 1 through 5 above, and for the purpose of maintaining and increasing a member of the enterprise's position in the enterprise, an enterprise engaged in racketeering activity, **RICKY LEWIS KELLY**, the defendant herein, aided and abetted by another and others, known and unknown to the grand jury, did unlawfully and knowingly murder Lajuante Jackson, in violation of Kentucky Revised Statutes, Section 507.020(1)(a).

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## NOTICE OF SPECIAL FINDINGS

### FACTORS SET FORTH IN 18 U.S.C., § 3591

7. The grand jury repeats and realleges the accusations contained in paragraphs 1 through 6 above.

8. As to Count One of the Indictment, the defendants **RICKY LEWIS KELLY**:

   a. Was eighteen years old or older at the time of the offense charged herein;

   b. Intentionally killed Lajuante Jackson (18 U.S.C. § 3591(a)(2)(A));

   c. Intentionally inflicted serious bodily injury that resulted in the death of Lajuante Jackson (18 U.S.C. § 3591(a)(2)(B)).

   d. Intentionally participated in one or more acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and Lajuante Jackson died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

   e. Intentionally and specifically engaged in an act of violence, knowing that

the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Lajuante Jackson died as a direct result of the act.

### AGGRAVATING FACTORS SET FORTH IN 18 U.S.C., § 3592

e) In commission of the offense described in Count One of the Indictment the defendant, **RICKY LEWIS KELLY,** knowingly created a grave risk of death to one or more persons in addition to the victims of the offense (Title 18, United States Code, Section 3592(c)(5));

f) The defendant, **RICKY LEWIS KELLY,** committed the offense described in Count One of this Indictment as consideration for the receipt, and in the expectation of the receipt, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8));

g) The defendant, **RICKY LEWIS KELLY,** committed the offense described in Count One of this Indictment after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9));

h). The defendant, **RICKY LEWIS KELLY,** had previously been convicted of two State offenses punishable by a term of imprisonment of more than one year, committed on different occasions, involving the distribution of a controlled substance (Title 18, United States Code, Section 3592(c)(10))

Pursuant to Title 18, United States Code, Sections 3591 and 3592.

A TRUE BILL

_____
FOREPERSON

*[signature: David Hale by Rob B.]*
_____
DAVID J. HALE
United States Attorney

DJH:JRL:nbw03162011

UNITED STATES OF AMERICA V. **RICKY LEWIS KELLY**

## PENALTIES

Count 1: Death or Life/$250,000/both/NM 5 yrs. Supervised Release

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual<br>$125 per count/other | Felony: | $100 per count/individual<br>$400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    <u>For offenses occurring after December 12, 1987:</u>

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613
If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No. _____

# UNITED STATES DISTRICT COURT
### Western District of Kentucky
### Louisville Division

## THE UNITED STATES OF AMERICA
vs.

### RICKY LEWIS KELLY

## INDICTMENT
### Title 18 U.S.C. §§ 1959(a)(1); 2:
### Murder for Hire; Aiding and Abetting.

A ⌠

⌡                                                                an

Filed in open court this 23rd day, of March A.D. 2011.

_____ Clerk

Bail, $