# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 3:11-CR-33-H |
| | ) | |
| RICKY LEWIS KELLY | ) | |
| DION DAJUAN NEAL | ) | |

## DEFENDANT KELLY'S MOTION FOR DISCOVERY OF EXCULPATORY EVIDENCE

Comes now the Defendant, Ricky Kelly, by counsel, and respectfully requests that the Court order the Government to produce material exculpatory evidence that it has a duty to disclose under Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*. The defendant requests that the Court order the Government to produce this information not later than June 1 so that the defendant can present this material to the United States Department of Justice in order to persuade the Attorney General that the case should not be authorized as a capital prosecution. The defendant specifically requests production of the following which are within the Government's possession, are necessary to preparing a defense, and tend to make it less likely that a jury would find him guilty of the charged crimes or would vote to put him to death:

    a. Cell phone records of the following individuals, beginning one week before and ending one week after the death of LaQuantae Jackson:

        i. Antoine Tolley

        ii. LaQuantae Jackson

        iii. Gregory Sawyer

   iv. Tao Parker

   v. Dion Neal

   vi. Ricky Kelly

b. All information in the possession of the State of Kentucky and/or the ATF and/or the FBI and/or the DEA and/or Secret Service or any other law enforcement agency pertaining to the investigations into the deaths of Duron Cole and Gail Duncan.

c. All testimony relevant to Mr. Kelly's case that was presented to any federal or State of Kentucky grand juries specifically as it relates to the murders of Gail Duncan, Duron Cole, John Sanders, Charles Lewis, Blair Kidwell, Craig Jones, LaQuantae Jackson and Warren King and the overall investigation of Ricky Kelly which resulted in no true bill or no indictment, and any findings of no true bill, if any.

d. Testimony presented to any other state or federal grand jury involving the murder of LaQuantae Jackson which resulted in no true bill or no indictment.

e. Any and all 911 calls pertaining to any of the murders with which Mr. Kelly was charged in state court.

f. All notes of the first responders to the crime scene(s) with the description of the suspects and the witnesses at the scene.

g. Any and all agreements entered into by the Government and/or the State of Kentucky and any informants (including but not limited to Gregory Sawyers, Francois Cunningham, Rico English, and Jay Lovins), or offered by the

Government to those known informants and/or any other unknown informants but not formally entered.

    h. The results of any and all DNA testing of any items that would exclude Kelly.

    i. Information regarding any and all known but uncharged or dismissed murders and/or other crimes attributed to Francois Cunningham, Gregory Sawyers, Rico English.

2. As the above-listed documents and items of evidence are material to Mr. Kelly's defense as well as exculpatory, he is entitled to them both under Federal Rule of Criminal Procedure 16(E) and *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and subsequent cases interpreting the *Brady* rule.

3. Additionally, as these materials would be of great help in preparing Mr. Kelly's submission to the United States Department of Justice's Capital Case Unit, and thus in arguing why his case should not be authorized as a death penalty case, he requests production of this information not later than June 1, 2012 in order that this request does not impede or slow the process of determining whether his case should be authorized as a capital prosecution by the Attorney General of the United States.

WHEREFORE, the Defendant respectfully requests that the Court order the Government to disclose the above-listed evidence and information, and grant all other relief just and proper in the premises.

    Respectfully submitted,

    */s/Richard Kammen*_____
    Gilroy, Kammen Maryan & Moudy
    135 N. Pennsylvania St., Suite 1175
    Indianapolis, In 46204
    Tel: 317-236-0400
    Richard@kammenlaw.com

*/s/ Steven Romines*
Romines, Weis & Young PSC
600 W Main St.
Suite 100
Louisville KY 40202
Tx: 502-587-8822
sromines@rominesweisyoung.com


*/s/ Patrick Renn*
600 W. Main St.
Suite 100
Louisville, Ky. 40402
Tx: 502-540-1231
prenn@600westmain.com

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Cause No. 3:11-CR-33-H |
| | ) | |
| | ) | |
| RICKY LEWIS KELLY | ) | |
| DION DAJUAN NEAL | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KELLY'S MOTION FOR DISCOVERY OF EXCULPATORY EVIDENCE

Comes now the Defendant, Ricky Kelly, by counsel, and respectfully submits his Memorandum of Law in Support of his Motion for Discovery of Exculpatory Evidence:

### ARGUMENT

I. ANY AND ALL INFORMATION TENDING TO INDICATE THAT PEOPLE OTHER THAN MR. KELLY COMMITTED THE MURDERS OF LAQUANTAE JACKSON AND OTHERS, OR THAT THE STATE FEDERAL GOVERNMENTS INVESTIGATED OTHER SUSPECTS FOR THOSE MURDERS, IS EXCULPATORY AND MUST BE DISCLOSED PURSUANT TO *BRADY*.

The seminal case of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), established that prosecutorial suppression of evidence favorable to the defendant violates the defendant's due process rights when that evidence is material to either guilt or punishment, regardless of the good or bad faith of the prosecution. In this case, information relating to the investigations into the deaths of Duron Cole and Gail Duncan, and testimony provided to the grand jury regarding LaQuantae Jackson's and other homicides, would reveal whether or not the Government investigated other suspects and potentially provide information that undermines the Government's case against Mr. Kelly. The same is true for the 911 calls related to the homicides.

For these reasons, the Court should order the Government immediately to disclose the requested items.

Elaborating on the *Brady* standard, the Supreme Court in *United States v. Bagley*, 473 U.S. 667, 682 (1985) (opinion of Blackmun, J.), explained that evidence is "material" if there is a "reasonable probability" that, had it been disclosed, the outcome of the case would have been different. A "reasonable probability" is therefore one sufficient to undermine confidence in that outcome. *Id.* A majority of the Court made it clear in *Kyles v. Whitley*, 514 U.S. at 434, that the adjective "reasonable" before "probability" is important: a defendant need not show that he would be more likely than not to receive a different outcome if the evidence is not suppressed. Rather, he need only show that the trial was or would be rendered unfair without the withheld evidence, such that confidence in the verdict is lessened. *Id.* Finally, the effect of this suppressed evidence is to be viewed collectively, weighing the evidence's cumulative effect on the verdict, *id.* at 436-37, in order to determine whether the favorable evidence "could reasonably be taken to put the whole case in . . . a different light [,]" *id.* at 435.

Here, if information exists that undermines the Government's investigations into any or all of the murders to which Mr. Kelly has been linked, such evidence would clearly be exculpatory. Mr. Kelly has reason to believe that such evidence may be found in the 911 calls, which may point to other suspects; in the complete investigations into the Duncan and Cole homicides; and in the cell phone records of LaQuantae Jackson, Ricky Kelly, Tao Parker, Dion Neal and Antoine Tolley. Information provided to any state or federal grand jury or juries that did not lead to an indictment would likewise undercut the Government's case in guilt.

This information would also be of use in presenting Mr. Kelly's case to the Capital Case Unit when that committee makes its recommendation to the Attorney General on whether or not

6

to authorize his case as a death penalty prosecution. Clearly, a case that is deeply flawed is a case that should be less likely to proceed as capital. As a result, it is material to his case not only at the trial stage but at this preliminary stage as well.

In arguing for the disclosure of this evidence, Mr. Kelly is not required to show that "every item of the [Government's] case would [be] directly undercut if the *Brady* evidence [is] disclosed." *Kyles*, 514 U.S. at 451. Rather, he must only indicate that confidence in the jury's decision on punishment would be undermined if he does not receive this evidence. *See id.* Given the demonstrated materiality of this information, even at this stage of the proceedings, this is clearly the case. Therefore, this Court should rule in the Defendant's favor and require the Government to disclose the requested information.

II. *BRADY* AND SIMILAR CASES ALSO REQUIRE THAT THE GOVERNMENT MUST DISCLOSE INFORMATION RELEVANT TO THE IMPEACHMENT OF WITNESSES.

The Government's *Brady* obligation extends to information useful solely for the impeaching the credibility of a witness. *Giglio v. United States*, 405 U.S. 150, 153-55 (1972). Any deals for reduced time or even for expedited release that have been entered into by the Government and any of its informants in this case, particularly Sawyers and Cunningham, is therefore material and exculpatory. Similarly, any indication that Sawyers or Cunningham had contact with the Government, with any of the homicide victims, or with any potential suspects other than Mr. Kelly contemporaneously with the Jackson homicide, could affect their reliability as witnesses. Thus, such information is required to be disclosed to the defense.

III. RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE ALSO REQUIRES DISCLOSURE OF MUCH OF THE REQUESTED INFORMATION.

Rule 16(E) provides that a criminal defendant is to be allowed to inspect and copy all information that is "material to preparing the defense" or that the Government "intends to use . . .

in its case-in-chief at trial[.]" Fed. R. Crim. P. 16(E)(i)-(ii). Here, the information sought is material to the defense not only at trial but at the Department of Justice, as noted above. Moreover, Mr. Kelly has reason to believe that information uncovered in the investigations into the Cole and Duncan homicides will be used in the Government's case at trial. Therefore, this Court should rule in Mr. Kelly's favor, and order the Government to disclose the information sought.

## CONCLUSION

For the foregoing reasons, the Defendant, Mr. Kelly, respectfully requests that the Court order the Government to disclose the above-listed evidence and information, and grant all other relief just and proper in the premises.

Respectfully submitted,

/s/Richard Kammen
Gilroy, Kammen Maryan & Moudy
135 N. Pennsylvania St.
Suite 1175
Indianapolis, In 46204
Tel: 317-236-0400
Richard@kammenlaw.com

/s/ Steven Romines
Romines, Weis & Young PSC
600 W Main St.
Suite 100
Louisville KY 40202
Tx:502-587-8822
sromines@rominesweisyoung.com


/s/ Patrick Renn
600 W. Main St.
Suite 100
Louisville, Ky. 40402
Tx: 502-540-1231
prenn@600westmain.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing Motion for Discovery of Exculpatory Evidence and accompanying Memorandum of Law was served by electronic service ("ECF"), this 30th day of April, 2012, upon the following counsel of record:

James Lesousky
Robert Bonar
Office of the United States Attorney
717 West Broadway
Louisville, KY 40202

                                                                */s/ Richard Kammen*
                                                                Richard Kammen, 5064-49
                                                               Attorney at Law